DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Christopher Fry, appeals from his conviction in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In March of 2006, Appellant resided with his girlfriend, Lakiea Whitson in Akron, Ohio. At that time, J.H., Appellant's minor niece, resided with Appellant's mother, Tommie Elton. At that time, Appellant was 36 years old and L.H. was 14 years old. J.H. frequently spent time at Appellant's home and occasionally spent the night. J.H. spent the weekend of March 10, 2006 at Appellant's home. When J.H. returned home to Ms. Elton's house on Sunday *Page 2 
evening, she told Ms. Elton that she did not want to return to Appellant's house. In May of 2006, J.H. disclosed to Ms. Elton that Appellant had molested her and she was pregnant with his child. Ms. Elton called the police and immediately took J.H. to the hospital. Upon confirming J.H.'s pregnancy, Ms. Elton made an appointment to have the pregnancy terminated.
 {¶ 3} Detective Hamas of the Akron Police Department Juvenile Division made arrangements to preserve a tissue sample of the child for DNA testing. Detective Hamas also obtained a DNA sample from Appellant. Test results confirmed within a 99.9999999% probability that Appellant was the male contributor to the unborn child.
 {¶ 4} On September 26, 2006, Appellant was indicted on one count of corrupting another with drugs, in violation of R.C. 2925.02(A)(4)(b), and one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04. Appellant pled not guilty to the charges and his case proceeded to trial before a jury on January 30, 2007. The jury returned a not guilty verdict on the charge of corrupting another with drugs and a guilty verdict on the charge of unlawful sexual conduct with a minor. Appellant was sentenced to five years incarceration. Appellant timely appealed, raising one assignment of error for our review.
 II. *Page 3 ASSIGNMENT OF ERROR "APPELLANT'S CONVICTION FOR UNLAWFUL SEXUAL CONDUCT WITH A MINOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRODUCED AT TRIAL."
 {¶ 5} In his sole assignment of error, Appellant argues that his conviction for unlawful sexual conduct with a minor is against the manifest weight of the evidence. We disagree.
 {¶ 6} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J. concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than it supports the other. Thompkins, 78 Ohio St.3d at 387 (overruled on other grounds). Further, when reversing a *Page 4 
conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. Id. at 388. quoting Tibbs v. Florida (1982), 457 U.S. 31, 42. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175. See, also, Otten, 33 Ohio App.3d at 340.
 {¶ 7} The jury convicted Appellant of unlawful sexual conduct with a minor, in violation of R.C. 2907.04, which provides in pertinent part that
 "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 8} The State presented seven witnesses including J.H., Ms. Elton and Detective Hamas. Appellant testified at trial and his girlfriend, Ms. Whitson, testified on his behalf.
 {¶ 9} Detective Hamas testified that he became involved in the within matter after Ms. Elton filed a police report on May 3, 2006 regarding the incident. Detective Hamas interviewed Ms. Elton and J.H. He testified that he felt J.H. was slightly mentally handicapped. After Detective Hamas learned that J.H. planned to have an abortion, he made arrangements to have the fetal tissue tested. Detective Hamas took DNA samples from Appellant and J.H. The record reflects *Page 5 
that test results confirmed within a 99.9999999% probability that Appellant was the male contributor to the unborn child.
 {¶ 10} J.H. testified that she was born on April 18, 1991. She testified that she went to Appellant's house to stay for a weekend in March of 2006 and that while there, Appellant gave her some marijuana which they smoked. J.H. testified that she was "raped" by her uncle, Appellant, while she was staying at his house and that she became pregnant. She explained that by "rape" she meant that Appellant "put his penis in [her] vagina." J.H. testified that this incident occurred on the same day that she smoked marijuana with Appellant. J.H. testified that she was 14 years old at the time of the incident.
 {¶ 11} Appellant testified that he was 36 years old at the time of trial and that he was aware of J.H.'s age. He testified that he collected a sample of his sperm during the weekend that J.H. was at his house in March of 2006. Appellant testified that he collected a sperm sample because his girlfriend, Ms. Whitson, had recently discovered that she was pregnant. After learning about the pregnancy, Appellant claimed his mother informed him that he could not have impregnated his girlfriend because he was sterile. Appellant claims that he left the sperm sample in the bathroom and that J.H. entered the bathroom immediately after he finished collecting the sample. Appellant contends that J.H. impregnated herself with his sperm. This story defies logic on several levels. First, the trier of fact would have to be convinced that J.H. wanted to become pregnant, knew Appellant *Page 6 
would be preparing a sperm sample, and somehow impregnated herself with the sperm. Second, the alleged sperm sample was never submitted for testing. Appellant testified that he did not take the semen for testing because he "was kind of scared of the truth."
 {¶ 12} There is overwhelming evidence that Appellant had sexual intercourse with J.H., who he knew was fourteen years old at the time. Based on the evidence in the record, we cannot say that the jury clearly lost its way in finding Appellant guilty of unlawful sexual conduct with a minor. Thus, the verdict was not contrary to the manifest weight of the evidence. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 13} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 7 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J. WHITMORE, J. CONCUR. *Page 1